UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUSTIN WILSON, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:09-cv-00840-JMS-RLY |
| | ) | |
| MICHAEL ASTRUE, Commissioner of | ) | |
| Social Security, | ) | |
| *Defendant.* | ) | |

### ENTRY REVIEWING THE COMMISSIONER'S DECISION

Defendant Michael J. Astrue, the Commissioner of the Social Security Administration (the "Commissioner"), denied Plaintiff Justin Wilson's application for supplemental security income ("SSI"). He has filed this action under 42 U.S.C. § 405(g), asking the Court to review that denial.[1] After reviewing the record, the Court remands this matter to the Commissioner for further proceedings.

### BACKGROUND

The parties agree that Mr. Wilson is a 26-year-old man who suffers from the following conditions: non-Hodgkins lymphoma (in remission), diabetes mellitus that was caused as a result of damage to Mr. Wilson's pancreas from chemotherapy used to treat his lymphoma, chronic pain syndrome in his abdomen that is a result of the multiple—by one estimate, at least 68 [R. 115]—abdominal surgeries for which Mr. Wilson takes suboxone[2] daily, and asthma. [R. 22-23]. Mr. Wilson has only been employed sporadically. He also claims to suffer from

---

[1] By written consent of the parties, this matter was referred to this magistrate judge for all proceedings, including for the entry of judgment, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [Dkt. No. 21].

[2] Suboxone is a methadone-like drug used in plaintiff's case to provide pain relief. [R. 282-83]; Suboxone.com, <http://www.suboxone.com>.

1

depression and anxiety.  [R. 115.]  His course of treatment is not materially in dispute.  [*See* Commissioner's Brief at 2-8.]

Mr. Wilson was treated regularly by Dr. Kambiz Karimi, who on April 18, 2007 opined on a state food stamp eligibility application that Mr. Wilson's diabetes, asthma, chronic pain syndrome and non-Hodgkin's lymphoma render Mr. Wilson unable to work.  [R. 122.]  Dr. Karimi also estimated that each condition would last a lifetime in duration.  [*Id*.]  Mr. Wilson also receives Medicaid.  [R. 288.]

In 2005, state agency reviewing physicians Dr. Montoya and Dr. Corcoran opined that Mr. Wilson's diabetes was not disabling.  [R. 26, 27.]  They did not consider any of Mr. Wilson's other medical conditions as there was "no medical evidence in file."  [*Id.*]  Because of this lack of evidence, they made no determination concerning any condition other than diabetes, and they specifically did not consider combined multiple impairments.  [*Id.*]

Administrative Law Judge Ronald Jordan determined that Mr. Wilson suffered from the following "severe combination of impairments:  residuals from multiple abdominal surgeries and asthma."  [R. 21.]  The ALJ determined that Mr. Wilson has a Residual Functional Capacity to perform sedentary work, which enables him to perform jobs available in the economy.  [R. 21, 24-25.]

## DISCUSSION

The Court's role in this action is limited to ensuring that "the ALJ applied the correct legal standard, and [that] substantial evidence supports the decision."  *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted).  For the purposes of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  (quotation omitted).  Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), the

Court must afford the ALJ's credibility determinations "considerable deference," overturning them only if they are "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted). If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. Otherwise the Court must generally remand the matter back to the Social Security Administration for further consideration; only in rare cases can the Court actually order an award of benefits. *See Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

To determine whether a claimant is disabled, the ALJ must apply the following five-step inquiry:

(1)     Has he engaged in substantial gainful activity? If so, he was not disabled.

(2)     If not, did he have an impairment or combination of impairments that are severe? If not, he was not disabled.

(3)     If so, did the impairment(s) meet or equal a listed impairment in the appendix to the rules? If so, he was disabled.

(4)     If not, does he have enough residual functional capacity ("RFC") to perform his past relevant work? If so, he was not disabled.

(5)     If not, could he perform other work given his RFC, age, education, and experience? If so, then he was not disabled. If not, he was disabled.

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001); 20 C.F.R. § 404.1520. This inquiry places the burden of proof on the claimant in steps one to four; the Commissioner bears this burden in step five. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). After Step Three, but before Step Four, the ALJ must determine a claimant's RFC—the claimant's physical and mental abilities considering all the claimant's impairments—which the ALJ uses at Step Four to

determine whether the claimant can perform his own past relevant work and, if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e).

Mr. Wilson argues that the ALJ erred at Step Three by failing to consider whether all of his potential disabilities qualified as a Listed Impairment. He also argues that the ALJ's entire decision, including the RFC determination, was predicated upon an incorrect assessment of his credibility.

### A. Step Three

At Step Three, the ALJ must consider whether a disability applicant has one or more conditions that the Social Security Administration considers conclusively disabling. When evidence in the record indicates the possible presence of a Listed Impairment, "an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Barnett*, 381 F.3d at 668. Not only must the ALJ discuss the listings specifically, he must obtain medical advice as to whether a claimant's condition meets or equals a listing. "[L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." SSR 96-6p.

Here, in a pre-hearing "Possible-On-The-Record" submission, Mr. Wilson's counsel specifically argued that Mr. Wilson met the following listed impairments implicated in this case: asthma, diabetes, Non-Hodgkin's lymphoma, affective disorder, and anxiety-related disorders. [R. 116.] Yet at Step Three, the ALJ only considered Mr. Wilson's asthma. [R. 21.]

With respect to the ALJ's failure to discuss Listing 13.06, which applies to non-Hodgkin's lymphoma and which forms the focus of Mr. Wilson's briefing on appeal, the

Commissioner defends the ALJ's opinion on two grounds, neither of which suffices.  First, the Commissioner argues that "because the record did not contain any evidence of any functional limitations caused by non-Hodgkin's lymphoma during the relevant period, the ALJ appropriately determined that [it]…was not a severe impairment," that could form the focus of an inquiry at Step Three.  [Commissioner's Brief p. 12.]  Because that ground was never raised by the ALJ, however, the Commissioner's lawyers cannot rely upon it here.  *See SEC v. Chenery Corp*., 318 U.S. 80, 94 (1943); *Banks v. Gonzales*, 453 F.3d 449, 451 (7th Cir. 2006).  Second, the Commissioner argues that because "Plaintiff's non-Hodgkin's lymphoma has been in remission since 1992 with no documented relapses, the ALJ properly found Plaintiff did not meet or equal Listing 13.06."  [Commissioner's Brief p. 12.]  But besides being improper because the ALJ did not advance it originally, the argument ignores the Listing's express mandate to "evaluate any residual impairment(s) under the criteria for the affected body system" after remission.  20 C.F.R. Part 404, Subpart P, App. 1, § 13.06A.  Despite the unequivocal evidence that the treatment for his cancer cause him to develop diabetes, the ALJ entirely failed to consider the diabetes at Step Three.

Furthermore, and perhaps more troubling, while the agency reviewing physicians did discuss Mr. Wilson's diabetes, they did so without regard to whether it was a residual impairment of his cancer, or as to its effect in combination with his other impairments.  The value of their assessment is questionable, at best, given their statements that there was "no medical evidence in file."  [R. 26, 27.]  The one doctor who did have a complete medical work up and who explicitly addressed all of Mr. Wilson's impairments was Dr. Karimi—who found Mr. Wilson disabled.  [R. 119-121.]  His opinion, together with the other evidence that Mr. Wilson has cited, significantly contradicted the opinions of the reviewing physicians,

necessitating a medical expert to testify at the hearing about whether Mr. Wilson met or equaled a listed impairment. *See Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006) (permitting an ALJ's Step Three analysis to rest upon "opinions given in Disability Determination and Transmittal forms and provide little additional explanation only so long as there is no contradictory evidence in the record" (citation omitted)).

Far from engaging in even a minimally acceptable "perfunctory" analysis, as the Commissioner would contend, [*see* Commissioner's Brief p. 15], the ALJ failed to perform any analysis at all on multiple Listed Impairments that were brought to his attention. It is unclear from the ALJ's opinion whether the ALJ decided that the Listed Impairments did not apply, or whether the ALJ simply overlooked them. Either way, a remand is necessary. *See Williams v. Bowen*, 664 F. Supp. 1200, 1207 (N.D. Ill. 1987) ("No court should be forced to engage in speculation as to the reasons for an ALJ's decision. If the decision on its face does not adequately explain how a conclusion was reached, that alone is grounds for a remand." (citations omitted)).[3]

### B. Credibility Assessment

The Court is mindful that the standard of review on a challenge to a credibility finding is highly deferential. But that deference also presumes that that ALJ followed the requirements that governed the AJL's credibility determination. The parties agree, as indeed they must, that the "ALJ has the obligation to consider *all* relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (emphasis added)

---

[3] Because a remand at Step Three is required, the Court need not resolve Mr. Wilson's alternative claim that the Due Process Clause requires a remand.

(citation omitted).  However, the ALJ in this case was in fact selective in his discussion and interpretation of the facts, and such cherry-picking was error.

Mr. Wilson cites repeated instances of medical evidence that was ignored by the ALJ. [Plaintiff's Brief 22-29, Reply Brief 10-15.]  Mr. Wilson cites these records as objective medical evidence to support his claim that his chronic pain is disabling.  In so doing, he refutes the Commissioner's claim that he has failed to demonstrate any relevance to these records.  Given the ALJ's discounting of Mr. Wilson's claims as to the severity of his pain, the records were significant, and should have been addressed.

Mr. Wilson also complains of specific findings made by the ALJ and advanced by the Commissioner that Mr. Wilson failed to follow prescribed treatment.  These latter findings present disconcerting examples of the ALJ's selective reasoning.  One medical note from Dr. Karimi indicates that Mr. Wilson was checking his blood sugars when eating lunch and dinner, and that he was taking his insulin at 11 a.m. and 6 p.m. [R. 126.]  The note adds that Mr. Wilson was not checking "FBS" (presumably fasting blood sugars.") [*Id.*]  From this the ALJ concludes, "claimant has not been consistently checking his blood sugar levels."  [R. 23.]  The same note shows claimant ran out of his pain medication two days previously, and from this the ALJ determines "he has not been taking his medication consistently."  [*Id.*]  The ALJ relies on this note to find: "It is difficult to believe that if the claimant was experiencing chronic pain, he would be able to go for days without his pain medication."  [*Id.*]  Yet the ALJ completely overlooks the notes establishing that Mr. Wilson cannot afford his medication and that he has had to "stretch" it to get by.  [R. 130.]  Finally, the ALJ concludes that Mr. Wilson was engaging in sexual activity, which "activity is inconsistent with any individual who experiences pain with any movement."  [R. 23.]  The record on which the ALJ relies to support this conclusion only

notes that Mr. Wilson complained of "problems with ejaculation" and "watery" ejaculate.  [R. 209.]  They provide no evidence as to the level of "activity" that produced such result.

In the face of such selective reasoning, the Court cannot find that the ALJ met his duty to consider all relevant medical evidence.  Remand is therefore in order.

**Conclusion**

The ALJ failed to meet his obligations at Step Three in failing to discuss the various listings implicated by Mr. Wilson's condition, and in failing to procure medical testimony on the issue of equivalency.  Also, the ALJ's conclusions here constituted a "cherry picking" of evidence, designed to produce the result of a negative finding.  However, an "ALJ must consider 'all relevant evidence' and may not analyze only that information supporting his final conclusion.  *Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000) (quoting *Clifford*, 227 F.3d 863, 871 (7th Cir. 2000) (emphasis in original)).  Accordingly, the Commissioner's decision cannot be affirmed but is instead **VACATED** and **REMANDED** back to the Commissioner for further proceedings.  42 U.S.C. § 405(g) (sentence four).

Because the ALJ apparently disbelieved Mr. Wilson's testimony originally, it may be difficult, if not impossible, for him to ever conclude otherwise on remand.  *See Sarchet*, 78 F.3d 305, 309 (7th Cir. 1996) ("The tone of the administrative law judge's opinion suggests that [he] may have an unshakable commitment to the denial of this applicant's claim.").  While the Court does not order that the case be assigned to a new ALJ on remand, the Court does, however, recommend it.

06/10/2010

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
mulvany@onet.net